# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ROBERT K. HOLLOWAY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5515     Robert E. Burch, Judge**

---

**No. M2003-02274-CCA-R3-CO - Filed October 15, 2004**

---

This matter was presented to the Court upon the motion of the State of Tennessee, pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Robert K. Holloway, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Dan M. Alsobrooks, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner, Robert K. Holloway, was convicted of second degree murder following a jury trial in the Dickson County Circuit Court. The conviction was ultimately affirmed on appeal to this Court. *State v. Holloway*, No. M2002-01904-CCA-R3-CD, 2003 WL 22142497 (Tenn. Crim. App. at Nashville Sept. 7, 2003), *perm. to appeal denied* (Tenn. Dec. 22, 2003). Prior to the filing of the opinion in this Court affirming the conviction, Petitioner filed a petition for writ of error coram nobis in the Circuit Court of Dickson County on March 7, 2003. The trial court dismissed the petition without an evidentiary hearing being held, on August 13, 2003. In this order, the trial court correctly summarized the allegations of the petition for writ of error coram nobis as follows:

(1) Sheriff's department incident reports concerning facts of the crime were known to counsel, but unknown to Petitioner until just before the hearing for the motion for new trial. Petitioner alleged that these incident reports were exculpatory;

(2) A taped interview of the petitioner with a TBI agent and a sheriff's detective contained exculpatory evidence, and counsel knew of the existence of the tape prior to trial, but did not introduce it at trial, over Petitioner's objection;

(3) Petitioner gave his trial counsel names of witnesses who had knowledge of the facts of the case, but counsel did not interview nor call all of the witnesses to testify at trial; and

(4) The forensic pathologist who testified at the trial on behalf of the State was under investigation for "dubious ethical practices," and after Petitioner's conviction for second degree murder, the forensic pathologist was also convicted of a misdemeanor.

The trial court concluded that, even if all facts alleged in the petition were taken as true, relief in the nature of a petition for writ of error coram nobis was not proper. *See* Tenn. Code Ann. § 40-26-105 (2004). After fully reviewing the record, we agree. While the allegations contained in the petition for writ of error coram nobis might be properly presented in a timely filed petition for post-conviction relief, they are not proper for consideration in a petition for error coram nobis. Therefore, the trial court did not commit error by summarily dismissing the petition.

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE